ON REMAND FROM THE FLORIDA ■ SUPREME COURT

PER CURIAM.
This case is before the court on remand from the Florida Supreme Court. See DK Arena, Inc. v. EB Acquisitions I, LLC, 112 So.3d 85 (Fla.2013). Supplemental briefs have been provided by the parties.
Based on the factual findings of the trial court, the failure of the appellee to cause the release of the escrow deposit was a non-material breach of contract, if any. Nothing in the contract or addendum obligated appellee to take any action to cause the deposit to be released. In addition, when viewed in the light most favorable to appellee, the evidence supports the conclusion that appellant’s conduct excused ap-pellee’s failure to deliver the deposit. Finally, appellant’s breach of its obligations under section 14 of the addendum provides a separate legal basis that nullifies appellant’s claim to the security deposit.
The final judgment is affirmed in part and reversed in part and remanded to the circuit court to enter an amended final judgment in favor of appellant on the claim involving the breach of a joint venture; in all other respects, the final judgment is affirmed.
GROSS, MAY and CIKLIN, JJ„ concur.